## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

SHANNON O'MAR MITCHELL,

      Plaintiff,

v.                             Case No.  5:20-cv-170-TKW-MJF

APALACHEE CORRECTIONAL
INSTITUTION, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with two court orders.[1]

### I.  Background

Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a handwritten civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff neither paid the filing fee nor moved for leave to proceed *in forma pauperis*.

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

On June 29, 2020, the undersigned ordered Plaintiff to file his complaint on the court-approved form. (Doc. 3 (quoting N.D. Fla. Loc. R. 5.7(A)). Additionally, the undersigned directed Plaintiff to pay the filing fee of $400.00 or submit a motion for leave to proceed *in forma pauperis*. The undersigned imposed a deadline of July 29, 2020, to comply. (Doc. 3 at 5). Plaintiff did not comply with that order.

Accordingly, on August 6, 2020, the undersigned ordered Plaintiff to show cause, if any, why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to prosecute; and (3) failure to pay the filing fee. (Doc. 4). The undersigned imposed a deadline of August 27, 2020, to comply. (*Id.*). As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order to pay the filing fee and the order to file a civil rights complaint on the court-approved form. Plaintiff has also failed to demonstrate good cause for these failures.

## II.  Discussion

The undersigned recommends that this action be dismissed in light of Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

### A.    <u>Failure to Pay the Filing Fee</u>

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*."

N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Plaintiff neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. The undersigned directed Plaintiff to pay the filing fee or submit a completed motion to proceed *in forma pauperis* in accordance with the Local Rules for the Northern District of Florida and specifically warned Plaintiff that his failure to do so likely would result in dismissal. (Doc. 3). Plaintiff failed to pay the filing fee. Despite the undersigned ordering Plaintiff to show cause for this failure, Plaintiff did not respond or seek an extension of time to comply with the undersigned's order. (Doc. 4). Accordingly, pursuant to 28 U.S.C. § 1914 and

the Local Rules, this civil action should be dismissed for Plaintiff's failure to pay the filing fee.

## B.    Failure to Comply with Two Court Orders

The Plaintiff's failure to comply with two court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999)

(noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Plaintiff's failure to comply.** On June 29, 2020, the undersigned ordered Plaintiff to file a complaint and pay the filing fee. The undersigned imposed a deadline of July 29, 2020, to comply. Thus, Plaintiff has failed to comply with that order since July 29, 2020.

**(2)  Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

     a.    the order issued on June 29, 2020; and

     b.    the order issued on August 6, 2020.

**(3)  Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned twice warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. (Docs. 3, 4). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4)   Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to him.

**(5)  The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)  The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and his failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Panama City, Florida this 15th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**